FILED
SEP 19 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER BALLARD, ) | |
| ) | |
| Petitioner, ) | Case: 1:16-cv-01873 (G Deck) |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 9/20/2016 |
| ) | Description: Habeas Corpus/2241 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The criminal case against petitioner in the Superior Court of the District of Columbia has not concluded, and he challenges his pretrial detention at St. Elizabeth's Hospital. *See* Pet. ¶¶ 2-4, 13 (Ground Two). Among other relief, petitioner demands dismissal of the criminal charges against him. *See id.* ¶ 15.

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). This is such an action. *See Miranda v. Gonzales*, 173 F. App'x 840 (D.C. Cir.) (per curiam) ("It is well-settled . . . that a court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.") (citation omitted), *cert. denied*, 549 U.S. 889 (2006); *see Smith v. Holder*, No.

14-131, 2014 WL 414292, at *1 (D.D.C. Jan. 30, 2014), *aff'd*, 561 F. App'x 12 (D.C. Cir. June 16, 2014) (per curiam) (noting appellant's failure to "show[] that the district court erred in dismissing his challenge to pending District of Columbia criminal proceedings under the abstention doctrine of *Younger v. Harris*"). At this time it does not appear that petitioner has been tried or convicted. Presumably he may raise any constitutional claim he believes he has in the Superior Court; if he is dissatisfied, he may pursue an appeal to the District of Columbia Court of Appeals, and from there an appeal to the Supreme Court of the United States. *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004) (footnotes omitted).

Given "the fundamental policy against federal interference with state criminal prosecutions" *Younger*, 401 U.S. at 46, the Court will dismiss this action. An Order accompanies this Memorandum Opinion.

DATE: 9/15/16

United States District Judge

J. Boasberg